## Senica, Appellant, *v.* Schriber.

*Negligence—Cellarway—Party-line fence—Removal of fence—Proximate cause—Knowledge of danger—Contributory negligence —Nonsuit.*

1. In an action for personal injuries sustained by plaintiff in falling into a cellarway on defendant's premises, a nonsuit is properly entered where it appears plaintiff and defendant owned adjoining properties with a party-line fence between them, that plaintiff knew of the cellarway when she constructed a passage-

way on her own premises eight inches from it, that defendant removed a section of the fence in bad repair opposite to it, and that plaintiff for ten months before the accident knew the portion of the fence had been removed and took no steps to restore it.

2. In such case plaintiff's failure to have the fence replaced or to make any effort to compel defendant to join with her in replacing it, was the only possible proximate negligence, and, as she was a party to the dereliction, she cannot base her right of action on it.

Argued September 30, 1925. Appeal, No. 164, March T., 1925, by plaintiff, from order of C. P. Westmoreland Co., Nov. T., 1924, No. 381, refusing to take off nonsuit, in case of Josephine Senica v. Frank Schriber. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before DOM, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting it.

*S. A. Kline, Wade T. Kline* and *G. Plumer Kline,* for appellant.

*Paul H. Gaither,* with him *J. C. Blackburn, R. Kay Porter* and *R. Kirk McConnell,* for appellee.

PER CURIAM, November 23, 1925:

Plaintiff and defendant owned and occupied adjoining properties between which there was a party-line fence. Plaintiff constructed a cement walk on her premises about 16 inches in width, paralleling this fence and within some eight inches therefrom; the walk was used by plaintiff and her family as a means of ingress and egress to and from their dwelling, for a period of at least five years before the accident here involved. When defendant purchased his property, and at the time plain-

tiff constructed her walk, there was a cellarway on the former's lot, located by the previous owner for the purpose of outside access to the basement of the dwelling thereon. The way in question, four to five feet in width, four to five feet deep, and about 15 feet long, contained stairs leading from defendant's yard to the cellar of his house. The outside line of this opening paralleled the party-line between the two properties and was directly inside of the before-mentioned fence. This fence having fallen into disrepair, defendant, in September, 1923, removed some 16 feet of it, including a part which ran along the party-line opposite the cellarway on his property. On the evening of July 27, 1924, at half past nine, as plaintiff, in company with two friends, left her residence by way of the cement walk, her foot slipped and she fell into the cellarway on defendant's property, thereby incurring injuries for which she sued the latter to recover damages. The court below entered a nonsuit, which it refused to remove, and plaintiff has appealed.

As stated by the court below, the cellarway on defendant's property was there when plaintiff located and built her walk within six or eight inches therefrom, so she was fully aware of the dangers to be avoided when the section of the party-line fence opposite the cellarway was removed. We may add that, if there was any negligence in removing this barrier, since it was a party-line fence, which plaintiff could have restored as well as defendant, she was equally guilty with him in allowing it to remain down for some ten months prior to the accident. This failure to have the fence replaced, or to make any effort to compel defendant to join with her in replacing it, was the only possible proximate negligence which we can see in the case; and, since plaintiff was a party to the dereliction, she cannot base her right of action on it.

The order complained of is affirmed.